```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION

WILLIE ALLEN,                     §
                                  §
          Plaintiff,              §
                                  §
VS.                               §     Civ. A. H-14-3628
                                  §
WAL-MART STORES TEXAS, LLC,       §
                                  §
          Defendant.              §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, seeking damages for alleged negligence, is Defendant Wal-Mart Stores Texas, L.L.C.'s ("Wal-Mart's") partial 12(b)(6) motion to dismiss for failure to state a claim (instrument #7). Plaintiff Willie Allen ("Allen") has not filed a response to the motion.

**Allegations of the Original Petition (#7-2)**

Allen alleges that on or about December 30, 2012 he was shopping at Wal-Mart store #768, 1313 North Fry Road, Katy, Texas 77449, when he slipped on some liquid that was on the floor in front of the checkout areas behind register 9. Allen fell to the concrete floor, injuring his knee, stomach, and face. His wife had to help him up, but he was physically unable to leave the store. He claims that it took thirty minutes for employees to arrive and call an ambulance and another thirty minutes for the ambulance to arrive. He was then transported to the Emergency Room of the Houston Methodist West Hospital. He suffered multiple injuries and required medical care.

Allen charges that Wal-Mart owned and controlled the premises in question where and when the incident occurred. He

-1-

maintains that he did not do or fail to do anything which caused or in any way contributed to the incident and that he was without fault.  He did not receive any warning prior to his slipping and falling.  He contends that the incident was proximately caused by Wal-Mart's negligence and/or its agents, servants, employees, and/or representatives.

Furthermore, Allen asserts that he was on Wal-Mart's premises at the express or implied invitation of Wal-Mart for the sole benefit of Wal-Mart, which therefore owed him a duty to exercise ordinary care in its ownership, possession, control, maintenance and use of the premises to reduce or eliminate unreasonable risks of harm created by the condition of Wal-Mart's premises, of which it was aware or in the exercise of ordinary care should have known.  Allen claims Wal-Mart should have discovered the dangerous condition of the wet floor.  Wal-Mart allegedly breached its duty of ordinary care by permitting the spill to remain on the floor and not warning customers where to walk and move about the store.  In sum, he argues that Wal-Mart was negligent in the following ways:  (1) creating a dangerous condition and failing to warn about it or to make it safe; (2) failing to promptly clean up any spills; (3) failing to maintain a safe property; (4) failing to exercise reasonable care to avoid a foreseeable risk of injury to Plaintiff and other patrons of the store; (5) failing to maintain a property free from unnecessary hazards; (6) failing to properly supervise operation of the store; (7) failing to maintain a proper number of employees to patrol the store; (8) failing to properly train its employees; (9) failing to

maintain, inspect, or repair its machines; (10) failing to prevent excess water from remaining on the walking surfaces; (11) failing to warn Plaintiff and the public of an unreasonably dangerous condition; (12) permitting the area to remain in its dangerous state; and (13) other acts deemed negligent.  At the time of the incident, Wal-Mart's agents, servants and employees were acting within the course and scope of their employment; thus Wal-Mart is vicariously liable for their actions.

### Standard of Review (#7-2)

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).  The plaintiff's legal conclusions are not entitled to the same assumption. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."), *citing Bell Atlantic Corp. v. Twombly*, 556 U.S. 662, 678 (2007); *Hinojosa v. U.S. Bureau of Prisons*, 506 Fed. Appx. 280, 283 (5th Cir. Jan. 7, 2012).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a "probability requirement,"

but asks for more than a "possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556. Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.

In *Ashcroft v. Iqbal*, 556 U.S. at 679, the Supreme Court stated that "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 129 S. Ct. at 1949. The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

"Rule 12(b) is not a procedure for resolving contests about the facts or the merits of a case." *Gallentine v. Housing Authority of City of Port Arthur, Tex.*, ___ F. Supp. 2d ___, Civ. A. No. 1:12-CV-417, 2013 WL 244651, *3 (E.D. Tex. Jan. 22, 2012), *citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 2d* § 1356, at 294 (1990).

As noted, on a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994).

**Applicable Substantive Law**

In a diversity-jurisdiction suit, the district court must apply the law of the forum state. *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 420-21 (5th Cir. 2001), *citing Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Furthermore it is "'bound to apply the law as interpreted by the state's highest court.'" *Id., citing inter alia Texas Dep't of Housing & Community Affairs v. Verex Assurance, Inc.*, 68 F.3d 922, 928 (5th Cir. 1995). "'When there is no ruling by the state's highest court, it is the duty of the federal court to determine as best it can, what the highest court of the state would decide.'" *Id., quoting Transcontinental Gas Pipe Line v. Transportation Ins. Co.*, 953 F.2d 985, 988 (5th Cir. 1992). The Fifth Circuit's interpretation of Texas law controls this Court's decision "unless a subsequent state court decision or statutory amendment renders [the Fifth Circuit's] prior decision clearly wrong." *Id., citing Batts v. Tow-Motor Co.*, 66 F.3d 743, 747 (5th Cir. 1995).

Under Texas law, to prevail on a claim for negligence, a plaintiff must prove a legal duty owed by one person to another, in this case by Wal-Mart to Allen, Wal-Mart's breach of that duty, and damages to Allen proximately caused by the breach. *Ford v. Cimarron Ins. Co., Inc.*, 230 F.3d 828, 830 (5th Cir. 2000), *citing Greater Houston Transp. Co. v. Phillips*, 801 S.W. 2d 523, 525 (Tex. 1990). Whether a legal duty exists is a question of law for the court to determine. *Id., citing Tri v. J.T.T.*, 162 S.W. 3d 552, 563 (Tex. 2005). If plaintiff fails to allege an essential element of the cause of action, the court should dismiss the complaint. *Id., citing Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006).

Premises liability is a special type of negligence. *W. Inv., Inc. v. Urena*, 162 S.W. 3d 547, 550 (Tex. 2005). A cause of action for a premises defect exists where a person is injured as a result of the condition of the premises. *City of San Antonio v. Estrada*, 219 S.W. 3d 28, 32 (Tex. App.--San Antonio 2006, no pet.). The duty owned to the plaintiff depends on his status (whether he is an invitee, licensee or trespasser) when the incident giving rise to the suit occurred. *Centeq Realty, Inc. v. Siegler*, 899 S.W. 2d 195, 197 (Tex. 1995); *Urena*, 162 S.W. 3d at 550; *Rosas v. Buddie's Food Store*, 518 S.W. 2d 534, 536 (Tex. 1975). Under Texas law, an invitee is "one who enters on another's land with the owner's knowledge and for the benefit of both."[1] *Rosas*, 518 S.W. 2d at 536; *in accord, Richendollar v.*

---

[1] While Allen has pleaded that he entered Wal-Mart's premises for the benefit of Wal-Mart alone, since he was shopping

*Diamond M Drilling Co.*, 784 F.2d 580, 585 (5th Cir. 1986). A duty of reasonable care is owed to an invitee. *Id.* "Premises owners and occupiers owe a duty to keep their premises safe for invitees against known conditions that pose unreasonable risks of harm." *TXI Operations, L.P. v. Perry*, 278 S.W. 3d 763, 764 (Tex. 2009). The premises owner can meet that duty by either adequately warning the invitee of an unreasonable risk of harm of which the owner knows or by making the premises reasonably safe. *State v. Williams*, 940 S.W. 2d 583, 584 (Tex. 1996).

In an action for premises liability under Texas law, a plaintiff must demonstrate that the defendant had control over and responsibility for the premises and that the control must relate to the condition or activity that caused the injury. *Cohen v. Landry's, Inc.*, 442 S.W. 3d 818, 824 (Tex. App.--Houston [14[th] Dis.] 2014, pet. for review filed Oct. 2, 2014)(citations omitted). The plaintiff can show control "by ownership, occupation, management or possession of the premises," or "by a contractual agreement expressly assigning the right of control or an actual exercise of control." *Id.*

An invitee/plaintiff must also prove the following elements to establish such a claim: "(1) Actual or constructive knowledge of some condition on the premises by the owner/operator[2]; (2) that the condition posed an unreasonable risk

---

the entry was also for his benefit at the time.

[2] The Texas Supreme Court discusses the notice issue in *Wal-Mart Stores, Inc. v. Reece*, 81 S.W. 3d 812, 815 (Tex. 2002). Observing that "[t]he rule requiring proof that a dangerous condition existed for some length of time before a premises owner

of harm[3]; (3) that the owner/operator did not exercise reasonable

---

may be charged with constructive notice is firmly rooted in our jurisprudence," *id.*, the high court opined,

> The so-called "time-notice rule" is based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition. . . . An employee's proximity to a hazard, with no evidence indicating how long the hazard was there, merely indicates that it was *possible* for the premises owner to discover the condition, not that the premises owner reasonably *should* have discovered it. Constructive notice demands a more extensive inquiry. Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition.
> What constitutes a reasonable time for a premises owner to discover a dangerous condition will, of course, vary depending upon the facts and circumstances presented. And proximity evidence will often be relevant to the analysis. Thus, if the dangerous condition is conspicuous, for example, a large puddle of dark liquid on a light floor would likely be, then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it. Similarly, if an employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time, that, too, could affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition. But in either case, there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition. Otherwise, owners would face strict liability for any dangerous conditions on their premises, an approach we have clearly rejected.

*Id.* at 816 (citations omitted).

care to reduce of eliminate the risk; and (4) that the owner/operator's failure to use such care proximately caused the plaintiff's injuries." *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W. 2d 934, 936 (Tex. 1998). *See also Wal-Mart Stores, Inc. v. Sparkman*, No. 02-13-00355-CV, 2014 WL 6997166 (Tex. App.--Fort Worth Dec, 11, 2014, pet. for review filed Jan. 26, 2015)(In a slip and fall case under Texas law, the plaintiff must prove that "(1) Wal-Mart had actual or constructive knowledge of the wet floor, (2) the wet floor posed an unreasonable risk of harm, and (3) Wal-Mart failed to use ordinary care to reduce or eliminate the unreasonable risk of harm by failing to adequately warn [him] of the wet floor and by failing to make the wet floor safe.").[4] To establish notice, the plaintiff must show "(1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W. 3d 812, 814 (Tex. 2002). "Furthermore the

---

[3] "A condition poses an unreasonable risk of harm for premises-defect purposes when there is a 'sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen.'" *County of Cameron v. Brown*, 80 S.W. 3d 549, 556 (Tex. 2002), *quoting Rosas*, 518 S.W. 2d at 537. Whether a condition is unreasonably dangerous is usually a fact question. *Cohen v. Landry's, Inc.*, 442 S.W. 3d at 827.

[4] Contrary to this appellate court's use of "and" in the last element, the Supreme Court has emphasized the "significance of the disjunctive" in the instruction for the last element and held that the owner can provide the requisite protection "by **either** warning the plaintiff **or** making the premises reasonably safe." *State v. Williams*, 940 S.W. 2d 583, 584 (Tex. 1996)(emphasis added by this Court).

plaintiff must allege that he suffered physical harm caused by a condition of the land." *Corbin v. Safeway Stores, Inc.*, 648 S.W. 2d 292, 295 (Tex. 1983).

Negligent action and premises liability are separate claims under Texas law. *Wright v. Target Corp.*, No. 3:14-CV-244-L, 2014 WL 5090027, at *4 (N.D. Tex. Oct. 10, 2014).

> "Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity. Negligence in the former context means simply doing or failing to do what a person of ordinary prudence in the same or similar circumstances would have not done or done. Negligence in the latter context means failure to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition which the owner or occupier [of land] knows or in the exercise of ordinary care should know about."

*Id., quoting Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W. 2d 749, 753 (Tex. 1999). "'[A] premises defect claim is based on the property itself being unsafe.'" *Id., quoting State v. Shumake*, 199 S.W. 3d 279, 284 (Tex. 2006). *See also Del Lago Partners, Inc. v. Smith*, 307 S.W. 3d 762, 776 (Tex. 2010)("[N]egligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe."). The Texas Supreme Court has "rejected attempts to blur the distinction between these two claims." *State v. Shumake*, 199 S.W. 3d at 284, *citing Keetch v. Kroger Co.*, 845 S.W. 2d 262, 264 (Tex. 1992)(holding that the trial court correctly

refused to submit a negligent activity theory of liability to the jury and properly submitted the question whether the store knew or should have known of the unsafe condition). A plaintiff cannot pursue both a negligent activity and a premises defect theory of recovery based on the same injury. *Austin v. Kroger Texas L.P.*, 746 F.3d 191, 197 (5th Cir. 2014).

### Wal-Mart's Partial 12(b)(6) Motion (#7)

Wal-Mart complains that Allen fails to identify the particular kind of negligence claim he is asserting, but uses the general term "negligence." Texas law requires a plaintiff suing a premises owner for negligence to identify his cause of action as either premises liability or negligent activity, which are two independent theories of recovery, as this Court has discussed above. Although Allen identifies his cause of action as one for negligence, it actually is for premises liability because it is the result of Wal-Mart's purported failure to prevent injury to him because of a wet substance on the floor, an unsafe condition of the premises, rather than any affirmative, contemporaneous, ongoing activity.

In addition to claiming in essence premises liability negligence for the liquid on the floor of the store, Allen asserts that Wal-Mart committed employment-based negligence in asserting negligent training of its employees in Section VI(h) of his Original Petition. Wal-Mart argues that employment-based negligence cannot properly serve as the basis for imposing premises liability, nor do such claims constitute breaches of duty to which premises liability may attach. Wal-Mart has been unable

to find even one Texas case in which a premises liability verdict was used against a defendant based on a breach of its duty of care through employment-based conduct.

Nor is an employment-based negligence claim proper in the context of a negligent activity action under the facts here. Allen has not alleged any affirmative contemporaneous acts that breach Wal-Mart's duty of care and that caused the injury to Allen. A plaintiff fails to plead a negligent activity claim where he fails to connect an alleged breach of duty to an alleged affirmative contemporaneous activity. *In re Tex. DOT*, 218 S.W. 3d 74, 77-78 (Tex. 2007)(emphasizing the distinction between causes of action based on negligent activities and those based on premise defects and concluding that allegations that negligent activities created conditions at the scene of an accident was improperly pleaded as a negligent activity claim where there was no ongoing activity at the time of the accident); *H.E. Butt Grocery Co. v. Warner*, 845 S.W. 2d 258, 258-59 (Tex. 1992)(Where plaintiff alleges that she slipped in a puddle of water, chicken blood, and other fluids on the floor near the "bag your own chicken counter" of an H.E.B. store, plaintiff is limited to a premises liability theory and cannot assert a simple negligence theory that H.E.B. negligently failed to bag chickens for its customers.)( *citing Keech*). In sum, Allen cannot raise a premises-based claim of negligent activity against Wal-Mart based on alleged employment-based negligence, i.e., failures in hiring, training, supervision or retention of employees and that Wal-Mart is liable for failing to engage in such activity. Negligent activity claims require

affirmative, contemporaneous conduct to impose liability rather than the failure to engage in affirmative conduct.

Even if the Court finds that Allen is bringing a separate, independent cause of action against Wal-Mart for negligent hiring, supervising, training or retaining, such simple negligence claims require direct negligence by the employer rather than vicarious liability. *Morris v. JTM Materials, Inc.*, 78 S.W. 3d 28, 49 (Tex. App.--Fort Worth 2002), *citing Castillo v. Gared, Inc.*, 1 S.W. 3d 781, 786 (Tex. App.--Houston [1st Dist.] 1999, pet. denied)("An employer owes a duty to other employees and to the general public to ascertain the qualifications and competence of the employees it hires, especially when the employees are engaged in occupations that require skill or experience and that could be hazardous to the safety of others. . . . Therefore, an employer is liable for negligent hiring, retention, or supervision if it hires an incompetent or unfit employee whom [*sic*] it knows, or by the exercise of reasonable care should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others. . . . . [Such claims] are all simple negligence causes of action based on an employer's direct negligence rather than on vicarious liability. . . . Liability for negligent hiring and retention is not dependent however, upon a finding that the employee was acting in the course and scope of his employment when the tortious act occurred. Instead the employer is liable if its negligence in hiring or retaining the unfit employee was a proximate cause of the plaintiff's injuries.")(citations omitted).

Furthermore, to sue Wal-Mart for negligent hiring, training, or supervision, Allen must also establish that a Wal-Mart employee committed an actionable tort against Allen. *See, e.g., Wansey v. Hole*, 379 S.W. 3d 246, 247-48 (Tex. 2010)(negligent hiring)("[T]here is broad consensus among Texas courts that such a claim requires that the plaintiff suffer some damages from the foreseeable misconduct of an employee hired pursuant to the defendant's negligent practices."); *Brown v. Swett & Crawford of Tex.*, 178 S.W. 3d 373, 384 (Tex. App.--Houston [1st Dist.] 2005, no pet.)("To prevail on a claim for negligent hiring or supervision, the plaintiff is required to establish not only that the employer was negligent in hiring or supervising the employee, but also that the employee committed an actionable tort against the plaintiff.").

Furthermore Wal-Mart points out that Allen failed to state a claim under Rule 12(b)(6) because he failed to plead any facts that would support a cause of action under any employment negligence theory. Allen does not identify any employee hired by Wal-Mart who was allegedly negligently hired, trained, supervised or retain, nor any facts relating to any hiring or termination decision made by Wal-Mart that is related to the incident.

### Court's Decision

After reviewing the record and the applicable law, this Court concurs with Wal-Mart that Allen fails to state a claim against Wal-Mart for any theory of employment-based negligence in Section VI(h)("Failing to properly train its employees") of his

-15-

Original Complaint and that his suit is limited to the theory of premises liability.  Accordingly, the Court

    ORDERS that Wal-Mart's partial 12(b)(6) motion to dismiss is GRANTED.

    **SIGNED** at Houston, Texas, this  29th  day of  April , 2015.

    _____
    MELINDA HARMON
    UNITED STATES DISTRICT JUDGE